UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIC PIERRE WILDER FINCH,

    Plaintiff,

v.                                        Case No. 15-cv-1222

SDH EDUCATION EAST, LLC,

    Defendant.

## ANSWER TO AMENDED COMPLAINT

Defendant, SDH Education East, LLC ("SDH")[1], by its counsel Quarles & Brady LLP, answers the allegations of the Plaintiff Dominic Wilder Finch as follows:

### STATEMENT OF CLAIM

1. On January 21st, 2014, I began work for the respondet *[sic]* at its Marquette University location as a Utility Worker.

**ANSWER:** Admits that SDH hired Mr. Wilder Finch as a Utility Worker at its Marquette University location on January 27, 2014; denies all remaining allegations in Paragraph 1.

2. In October 2014, I made a complaint to Human Resources and to my managers that I felt I was being discriminated based on my race and religion and harassed by management in the hall I worked in.

**ANSWER:** Denies the allegations in Paragraph 2.

3. I was suspended four times, in October of 2014, November of 2014, December 2014, and February of 2014.

---

[1] Please note that SDH Education East, LLC, not Sodexo, Inc., is the proper defendant in this matter.

**ANSWER:** Admits that SDH suspended Mr. Wilder Finch's employment on or about October 23, 2014, December 3, 2014, and February 13, 2015; denies all remaining allegations in Paragraph 3.

4. In December 2014 I was suspended with no due process or warnings over a minor issue.

**ANSWER:** Admits that SDH suspended Mr. Wilder Finch beginning December 3, 2014; denies all remaining allegations in Paragraph 4.

5. I was give *[sic]* two consecutive five day suspentions *[sic]*, before the December break, leaving me off work from December 3rd, 2014 to January 10th, 2015.

**ANSWER:** Admits that Sodexo suspended Mr. Wilder Finch's employment from approximately December 3 through December 12, 2014 and that Mr. Wider Finch was laid off from December 13 through January 10, 2015 due to Marquette University's winter break shut down; denies all remaining allegations in Paragraph 5.

6. These actions taken against me are against the Companies own policy as well as union/company contract.

**ANSWER:** Denies the allegations in Paragraph 6.

7. I was suspended for 10 days and given no paperwork.

**ANSWER:** Admits that Sodexo suspended Mr. Wilder Finch's employment from approximately December 3 through December 12, 2014; denies all remaining allegations in Paragraph 7.

8. The constant and consecutive suspensions cause me to fall behind in Rent Payments and lose my place of residence and I had to move in with a friend.

**ANSWER:** Lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. I began losing my independence.

**ANSWER:** Lacks information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Terminated without Union Representation at the final Hearing which is against Sodexo's policy according to its contract with the Union.

**ANSWER:** Admits that SDH terminated Mr. Wilder Finch's employment and that, while Sodexo provided advance notice of the termination to the Union, a Union representative did not attend the termination meeting; denies all remaining allegations in Paragraph 10.

## AFFIRMATIVE DEFENSES

1. The complaint fails to state a claim upon which relief may be granted.

2. The complaint fails to appropriately identify the proper defendant in this matter. The entity Sodexo, Inc. is not a proper party to this action.

3. Some or all of Mr. Wilder Finch's claims may be barred by the applicable statute of limitations.

4. Some or all of Mr. Wilder Finch's claims may be barred by the exclusivity of grievance and arbitration remedies under the applicable labor agreement.

5. Some or all of Mr. Wilder Finch's claims may be preempted by the applicable labor agreement.

6. Mr. Wilder Finch failed to satisfy all conditions precedent for each of the claims in the complaint.

7. Portions of Mr. Wilder Finch's complaint are barred because he failed to exhaust his administrative remedies.

8. Mr. Wilder Finch failed to report any alleged harassing, discriminatory, or improper behavior in accordance with SDH's available reporting procedure.

9. SDH exercised reasonable care to prevent and promptly correct any alleged harassing, discriminatory, or retaliatory behavior.

10. SDH's actions with regard to Mr. Wilder Finch and his employment were at all times motivated by legitimate, non-discriminatory and non-retaliatory business reasons.

11. Mr. Wilder Finch is barred from recovering punitive damages because any actions taken by SDH were taken in good faith, based on legitimate business reasons.

12. Upon information and belief, Mr. Wilder Finch has failed to make reasonable efforts to mitigate any damages he may have suffered in this case.

13. SDH reserves the right to assert additional defenses based on information learned or obtained during litigation, including discovery.

WHEREFORE, SDH asks for judgment dismissing the complaint on its merits, for its costs and disbursements, and for such further relief as may be appropriate.

Dated this 21st day of December, 2015.

        s/ Lindsey W. Davis
        Judith Williams-Killackey
        State Bar No. 1029928
        Lindsey W. Davis
        State Bar No. 1089654
        QUARLES & BRADY LLP
        411 East Wisconsin Avenue, Suite 2350
        Milwaukee, WI 53202-4426
        Phone: 414.277.5439
        E-mail: judi.williams@quarles.com
                lindsey.davis@quarles.com
        Attorneys for Defendant
        SDH Education East, LLC